# CV 15 - 0782

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH,
and FRANCISCO MORGAN,

*GOLD, M.J*

**COMPLAINT**

                          Plaintiffs,

Docket No.

       -against-

<u>Jury Trial Demanded</u>

CITY OF NEW YORK, JOSEPH GULOTTA, Individually,
"JOHN" HOPKINS, Individually (the name John being fictitious,
as the true first name is presently unknown), KEVIN NOSWORTHY,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                         Defendants.

--------------------------------------------------------------------------------X

       Plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and

FRANCISCO MORGAN, by their attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully allege as follows:

## **Preliminary Statement**

       1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States.

## **JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ANTHONY ROBERTS is a twenty-one year old African American man who resides in Brooklyn, New York.

7.      Plaintiff MYLES SYDNEY is an eighteen year African American man who resides in Brooklyn, New York.

8.      Plaintiff TAARIQ SMITH is a twenty-one year old African American man who resides in Staten Island, New York.

9.      Plaintiff FRANCISCO MORGAN is a twenty-four year old African American man who resides in Staten Island, New York.

10.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

12.      That at all times hereinafter mentioned, the individually named defendants

JOSEPH GULOTTA, "JOHN" HOPKINS, KEVIN NOSWORTHY, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. At the time of the incident, "JOHN" HOPKINS held the rank of Lieutenant in the NYPD and was assigned to the 73rd precinct.

13.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

14.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

15.     On February 14, 2012, at approximately 3:45 p.m., plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN were lawful pedestrians in the vicinity of 786 Saratoga Avenue, Brooklyn, New York.

16.     At the aforesaid time and place, the defendant NYPD officers including, but not limited, to JOSEPH GULOTTA, "JOHN" HOPKINS, and KEVIN NOSWORTHY, approached the plaintiffs and detained them against a wall.

17.     Defendant JOSEPH GULOTTA, who held the rank of Captain, ordered that the defendant officers arrest the plaintiffs despite the lack of probable cause to believe that the plaintiffs had committed any crime or offense.  GULOTTA stated, in sum and substance, take

3

them all.

18.     The defendant officers, including defendant KEVIN NOSWORTHY, searched and handcuffed each plaintiff. The defendants did not recover any weapons or contraband from any of the plaintiffs.

19.     After plaintiff TAARIQ SMITH was rear handcuffed, SMITH attempted to explain to the defendant officers that he had just come from school when a defendant officer responded by slamming SMITH to the ground, causing physical injuries to SMITH's left shoulder and left fifth finger.

20.     In the course of arresting plaintiff MYLES SYDNEY, who was fifteen-years old at the time, the defendant officers placed severely over tight handcuffs on SYDNEY's wrists.

21.     The defendant officers imprisoned the plaintiffs in a police vehicle and transported them to the NYPD 73rd police precinct stationhouse.

22.     The defendant officers imprisoned plaintiff SYDNEY inside the 73rd police precinct until approximately 5:00 a.m. on February 15, 2012, when the defendant officers released SYDNEY without filing any charges against him.

23.     The defendant officers imprisoned plaintiffs ROBERTS, SMITH and MORGAN inside the 73rd police precinct, and then caused them to be transported to and imprisoned inside Kings County Central Booking, until approximately 6:30 p.m. on February 15, 2012, when the defendant officers released the plaintiffs without filing any charges against them.

24.     The plaintiffs were released from custody, with all charges being dismissed and sealed, after the Kings County District Attorney's Office refuse to file charges against the plaintiffs after interviewing the defendant officers, including, upon information and belief,

4

defendants GULOTTA, HOPKINS, and NOSWORTHY.

25.     The Kings County District Attorney's Office determined that the defendant officers, including defendants GULOTTA and HOPKINS, did not observe the plaintiffs "engage in any criminal activity" and ordered the defendant officers to release plaintiffs ROBERTS, SMITH and MORGAN from custody.

26.     Defendants JOHN and JANE DOE 1 through 10 either directly participated and/or failed to intervene in the illegal conduct described herein.

27.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and pursuant to a custom or practice of falsification.

28.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained and improperly abuse their authority to arrest individuals, and that they otherwise engage in falsification.

29.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

30.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31.    As a result of the foregoing, plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

32.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34.    All of the aforementioned acts deprived plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

35.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

36.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.     As a result of the foregoing, plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants arrested plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN without probable cause, causing them to be detained against their will for an extended period of time and subjected them to physical restraints.

41.     Defendants caused plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN to be falsely arrested and unlawfully imprisoned.

42.     As a result of the foregoing, plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN are entitled to compensatory

damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

43.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs TAARIQ SMITH and MYLES SYDNEY'S constitutional rights.

45.     As a result of the aforementioned conduct of defendants, plaintiffs TAARIQ SMITH and MYLES SYDNEY were subjected to excessive force and sustained physical injuries and emotional distress.

46.     As a result of the foregoing, plaintiffs TAARIQ SMITH and MYLES SYDNEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

47.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants had an affirmative duty to intervene on behalf of plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN

8

whose constitutional rights were being violated in their presence by other officers.

49.    The defendants failed to intervene to prevent the unlawful conduct described herein.

50.    As a result of the foregoing, plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN were subjected to false arrest, their liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, and detained without probable cause.

51.    As a result of the foregoing, plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

52.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

54.    As a result of the foregoing, plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against

9

the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

55.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping and searching individuals on the basis of race and arresting individuals without probable cause. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

58.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN.

59.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN as alleged herein.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN as alleged herein.

61.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN were unlawfully seized, searched, detained and imprisoned.

62.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN'S constitutional rights.

63.     All of the foregoing acts by defendants deprived plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from seizure and arrest not based upon probable cause;

        C.     To be free from false imprisonment/arrest; and

        D.     To be free from the failure to intervene;

11

64.     As a result of the foregoing, plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs ANTHONY ROBERTS, MYLES SYDNEY, TAARIQ SMITH, and FRANCISCO MORGAN, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        February 12, 2015

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiffs ANTHONY ROBERTS,
> MYLES SYDNEY, TAARIQ SMITH,
> FRANCISCO MORGAN,
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By:   _____
>        BRETT H. KLEIN (BK4744)
>        JASON LEVENTHAL (JL1067)

12